■ GREEN POINT SAVINGS BANK, Respondent, v JOHN PAGANO, Respondent, et al., Defendants, and JIMMIE SMITH, Appellant. — In a mortgage foreclosure action, defendant Smith appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Boklan, J.), entered December 8, 1983, as denied his motion for a default judgment on his cross claim against defendant Pagano and to strike the name of defendant Pagano from the main action as an unnecessary party. ¶ Order affirmed insofar as appealed from, with costs. ¶ Special Term properly denied that branch of appellant's motion which was for a default judgment on his cross claim against defendant Pagano. The cross claim, served as an independent pleading, without leave of court, almost one year after service of appellant's answer to the complaint in the main action, did not contain a demand for an answer. Such lack of a demand relieved defendant Pagano of any obligation to serve an answer to the cross claim, because where a cross claim contains no such demand, the allegations of

the cross claim are deemed to be denied or avoided (CPLR 3011). ¶ With regard to that branch of appellant's motion which was to strike defendant Pagano as an unnecessary party to the main foreclosure action, it is undisputed that Pagano holds a duly recorded second mortgage on the subject premises, which mortgage "is subject and subordinate to a first mortgage * * * from the GREENPOINT SAVINGS BANK". As such, Pagano is, by statute, a necessary party to the action to foreclose on the first mortgage (RPAPL 1311, subd 3). Gibbons, J. P., Bracken, O'Connor and Niehoff, JJ., concur.